IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKEY CRITTENDON, # 135565, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15cv897-MHT |
| | ) | (WO) |
| CARTER DAVENPORT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by Alabama prisoner Rickey Crittendon ("Crittendon").  *See* Doc. No. 1.

Crittendon challenges convictions for first-degree rape, first-degree robbery, and first-degree

burglary entered against him in June 1983 by the Circuit Court of Dale County.  He raises

claims challenging the sufficiency of the indictment, asserting a double-jeopardy violation,

alleging that the prosecution withheld exculpatory evidence, and arguing that he received

ineffective assistance of counsel.  For the reasons that follow, Crittendon's petition should

be denied under 28 U.S.C. § 2244(b)(3) and dismissed as a successive § 2254 petition filed

without the required appellate court authorization.

**II.  DISCUSSION**

The court's records reflect that in May 2002, Crittendon filed a previous habeas

petition under 28 U.S.C. § 2254 challenging the first-degree rape, first-degree robbery, and

first-degree burglary convictions entered against him in June 1983 by the Circuit Court of

Dale County.  *See Crittendon v. Mosley, et al.*, Civil Action No. 1:02cv552-MHT (M.D. Ala.

2004), Doc. No. 1.  The court denied that petition with prejudice because it was not filed

within the one-year limitation period in 28 U.S.C. § 2244(d) and dismissed the case with

prejudice.  *Id.*, Doc. Nos. 61, 63, and 64.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the

application."  28 U.S.C. § 2244(b)(3)(A).  "A motion in the court of appeals for an order

authorizing the district court to consider a second or successive application shall be

determined by a three-judge panel of the court of appeals" and may be granted "only if [the

assigned panel of judges] determines that the application makes a prima facie showing that

the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1]  28 U.S.C.

---

[1] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under
section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under
section 2254 that was not presented in a prior application shall be dismissed
unless–

(continued...)

§ 2244(b)(3)(B) & (C).

The dismissal of a § 2254 petition for untimeliness under 28 U.S.C. § 2244(d) qualifies as an adjudication on the merits for purposes of successive-petition rules and renders future challenges to the same conviction under § 2254 "second or successive" and subject to the requirements of 28 U.S.C. § 2244(b)(1)-(3). *See Murray v. Greiner*, 394 F.3d 78. 79 (2nd Cir. 2005); *see also, e.g., Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

Crittendon has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for habeas relief.  "Because this undertaking [is a successive] habeas corpus petition and because [Crittendon] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the

---

[1](...continued)

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

instant petition for writ of habeas corpus should be denied and this case summarily dismissed. *Id.* at 934.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for writ of habeas corpus filed by Crittendon be DENIED.

2.  This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3), because Crittendon has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

The parties may file any objections to this Recommendation on or before December 28, 2015. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989)..

DONE this 11th day December, 2015.

4

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE